Mr. Justice Hagneb,
delivered the opinion of the Court:
A somewhat novel question, but one not difficult of solution, has been presented in this case.
The declaration, filed on July 15,1889, alleges that the defendants, who were the owners of a horse and wagon on April. 5, 1887, on that day drove or caused the same to be driven so carelessly and negligently against the plaintiff, while she was lawfully passing along the public streets of the city,. that she was greatly injured.
The defendants, besides the plea of not guilty, relied upon the provision of the Statute of Limitations, by which certain actions are barred, unless commenced within one year from the accrual of such cause of action.
The question for our consideration is, whether the present-action is within this provision.
*222 The Maryland Statute of Limitations of April 17, 1715, Chap. 23, Sec. 2 (which is in force here), declares that “ all actions of trespass quare clausum fregit, all actions of trespass, detinue, surtrover, or replevin for taking away goods and chattels, all actions of account, contract, debt, book, or upon the case other than such accounts as concern the trade or merchandise between merchant and merchant, which are not residents within this Province; all actions of debt for lending, or contract without specialty; all actions of debt for arrearages of rent; all actions of assault, menaces, battery, wounding and imprisonment, or any of them, shall be sued or brought within the time and limitation hereafter expressed, and not after; that is to say, the said actions of account, and the said actions upon the case, upon simple contract, book debt or account, and the said actions for debt, detinue, and replevin for goods and chattels, and the said actions for trespass quare clausum fregit, within three years ensuing the cause of such action, and not after; and the said actions on the case for words, and actions of trespass of assault, battery, wounding and imprisonment, or airy of them, within one year from the time of the cause of such action accruing and not after.”
The only actions which, by this section, are required to be brought within one year, are those included in the last paragraph. It is plain the present suit is neither “ an action on the case for words,” nor “an action of trespass of assault, battery, wounding and imprisonment, or any of them.”
An action for negligence is generally presented by an action on the case; though where the wrong is done maliciously, and by the defendant himself, it may be brought in trespass. The limitation in either of those forms of action is three years.

The ruling below sustaining the demiorrer is affirmed.